IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMAL SAID ALA SAID,<br>　　　　　Petitioner, | )<br>)<br>)　　3:23-cv-00164 |
| v. | )<br>) |
| MICHAEL UNDERWOOD.<br>　　　　　Respondent. | )<br>) |

## MEMORANDUM ORDER DENYING PETITION AND ADOPTING IN PART REPORT AND RECOMMENDATION

Before the Court is Petitioner Amal Said Ala Said's Petition for Writ of Habeas Corpus, filed while he was in custody of the Bureau of Prisons at FCI Loretto. (ECF No. 7 at 1). Petitioner challenged the Bureau of Prison's ("Bureau") determination that he was ineligible for earned time credits under the First Step Act. (ECF No. 7 at 4). The Bureau had originally determined that he was ineligible for earned time credits under 18 U.S.C. § 3632(d)(4)(D) because he was convicted of Attempted International Distribution of Heroin and his Presentence Investigation Report indicated that he had a leadership role in the criminal conduct. (ECF No. 7-5 at 3). According to Petitioner, the sentencing court never determined that he had a leadership role, so section 3632(d)(4)(D) did not make him ineligible for such credits.

Respondent agreed. After the instant petition was filed, the Bureau "re-reviewed" Petitioner's eligibility and determined that he was eligible to earn time credits. (ECF No. 13 at 3). This said, Respondent also argued that Petitioner was nonetheless ineligible *for the application of* earned time credits because he was subject to a final order of removal. (ECF No. 13 at 3 (citing 18 U.S.C. § 3632(d)(4)(E)).

1

The Petition was referred to Magistrate Judge Keith A. Pesto. Judge Pesto submitted a Report and Recommendation on May 21, 2024. (ECF No. 14). Judge Pesto recommended that the Petition could be denied as moot because the Bureau had already determined that Petitioner was eligible to earn time credits. In the alternative, he recommended that the Petition could be denied without prejudice for failure to exhaust administrative remedies with respect to the Bureau's new claim that Petitioner was ineligible for the application of time credits based on the final order of removal. Finally, Judge Presto also recommended that the Petition could be denied on the merits because Petitioner was subject to a final order of removal and therefore was ineligible to apply earned time credits under 18 U.S.C. § 3632(d)(4)(E). (ECF No. 14 at 2). Judge Pesto informed the parties that they had fourteen days to file written objections.

Petitioner submitted Objections. First, he objected to Judge Pesto's conclusion that he was subject to a "final order of removal" because, according to Petitioner, the "Notice and Order of Expedited Removal" was "not a legal final order of removal." (ECF No. 16 at 1). According to Petitioner, 8 C.F.R. § 1241.1 requires that an order of removal be made by an immigration judge. Petitioner says that he has never seen an immigration judge and that the "Notice and Order of Expedited Removal" was signed by an immigration officer, not an immigration judge. (ECF No. 16 at 2-3). Second, Petitioner objected to Judge Pesto's conclusion that Petitioner had failed to exhaust his administrative remedies. He argues that the issue that he presents is simply one of statutory construction for which exhaustion is not required. Petitioner also argues that he did exhaust his administrative remedies and that further administrative proceedings would be futile. (ECF No. 16 at 3-4). And third, Petitioner complains that he has written to ICE on a number of occasions but received no reply. (ECF No. 16 at 2-5).

Respondent filed a response, arguing that the Notice and Order of Expedited Removal was a valid final order of removal, rendering Petitioner ineligible for the application of time credits. (ECF No. 17). Petitioner filed a reply, which repeated the arguments he articulated in his Objections. (ECF No. 18).

The Court has carefully reviewed Judge Pesto's Report and Recommendation, Petitioner's Objections, Respondent's response, Petitioner's reply, as well as all the papers of record. After *de novo* review of those matters objected to by the Petitioner, the Court concludes that Petitioner is ineligible to apply earned time credits under 18 U.S.C. § 3632(d)(4)(E) and will deny the Petition on that basis.[1]

Pursuant to 18 U.S.C. § 3632(d)(4)(E)(i), "A prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws." Here, Petitioner was subject to a final order of removal under section 235(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b)(1). Section 235(b)(1)(A)(i) provides: "If an immigration officer determines that an alien . . . who is arriving in the United States or is described in clause (iii) is inadmissible under . . . 1182(a)(7) of this title, the officer shall order the alien removed from the United States without further hearing or review." 8 U.S.C. § 1225(b)(1)(A)(i). By and through the "Notice and Order of Expedited Removal," Immigration Officer Adam Whitling concluded that Petitioner was inadmissible under section 1182(a)(7)(A)(i)(I) and ordered him deported. (ECF No. 13-5 at 2). This order became final once

---

[1] The District Court may deny a petition on the merits even where a petitioner has not completely exhausted administrative remedies. *See Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (nonprecedential) ("If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may in its discretion either excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." (internal quotations and citations omitted)).

it was approved by the immigration officer's supervisor. *See* 8 U.S.C. § 1225(b)(1)(C) (expedited removal orders not subject to administrative appeal); 8 C.F.R. § 235.3(b)(2)(ii) (except in limited circumstances, persons subject to expedited removal are "not entitled to a hearing before an immigration judge . . . or to an appeal of the expedited removal order to the Board of Immigration Appeals."); 8 C.F.R. § 235.3(b)(7) (expedited removal orders final once reviewed by a supervisor).

Petitioner's argument that "Notice and Order of Expedited Removal" was not a valid "final order of removal" because it was signed by an immigration officer instead of an immigration judge is without merit. Section 235(b)(1) expressly provides that an immigration officer, not an immigration judge, shall issue orders of removal under that section. 8 U.S.C. § 1225(b)(1)(A)(i) ("If an *immigration officer* determines that an alien . . . is inadmissible under . . . 1182(a)(7) of this title, the *officer* shall order the alien removed from the United States without further hearing or review." (emphasis added)).[2]

Accordingly, the Petition for Writ of Habeas Corpus (ECF No. 7) is DENIED. The Magistrate Judge's Report and Recommendation (ECF No. 14) is ADOPTED IN PART as the Opinion of the Court to the extent of the Court's rulings contained herein.

The Clerk shall close the case on the docket.

s/ Mark R. Hornak  
Mark R. Hornak  
Chief United States District Judge

Dated: January 14, 2025

---

[2] Because the Court denies the petition on the merits, it does not address Petitioner's objections related to exhaustion.